*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSE AUGUSTINE GARCIA, JR.,

        Defendant-Appellant.

UNPUBLISHED
November 22, 2024
9:50 AM

No. 367905
St. Clair Circuit Court
LC No. 22-001683-FH

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

O'BRIEN, J. (*concurring*).

I concur in the result reached by the majority and its reasoning with respect to defendant's arguments related to Dr. Kelly Berishaj's testimony and defendant's claim of ineffective assistance of counsel. Where I diverge from the majority is that I would conclude that the trial court did not abuse its discretion when it permitted the prosecution to present an excerpt of defendant's recorded police interview despite the fact that the prosecution violated MCR 6.201(B) by not providing the video of the interview to the defense.

In crafting a remedy for the prosecution's violation of MCR 6.201, the trial court began by recognizing that the prosecution's violation was inadvertent and not done "with any malicious intent." At the same time, the court recognized that the prosecution's late disclosure of the evidence "placed . . . Defendant at a disadvantage" because he had not been able to see the video in preparation for trial and was "not going to recall" everything on the video given that the interview took place "a year and a half" before. But the court added that these disadvantages were somewhat tempered by the fact that the video merely showed defendant's statements and defendant "should know what he said." The court seemed to weigh this fact heavily; it reasoned at other points that the video was "Defendant's own words" so "the proper remedy is not to exclude it." The court later reiterated that "there's not going to be any punishment by exclusion because the Court does not find that that is the proper remedy." Instead, the trial court believed that the proper remedy was to "allow the video to be played" because it constituted permissible "rebuttal evidence," but before allowing the jury to see the video, the court was "going to grant a continuance to [the] Defense to, to be able to view the video in full." Then the court was going to

allow "Defendant to reopen proofs if there is something on the video that he finds relevant and would have changed the course of his case-in-chief."

A trial court's decision concerning the appropriate remedy for a discovery violation is reviewed for an abuse of discretion. *People v Dickinson*, 321 Mich App 1, 17; 909 NW2d 24 (2017). The abuse-of-discretion standard recognizes that there is a range of reasonable and principled outcomes, and a lower court's decision that falls within that range does not constitute an abuse of discretion. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

MCR 6.201(J) states:

> If a party fails to comply with this rule, the court, in its discretion, may order the party to provide the discovery or permit the inspection of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.

"When determining the appropriate remedy for discovery violations, the trial court must balance the interests of the courts, the public, and the parties in light of all the relevant circumstances, including the reasons for noncompliance." *People v Banks*, 249 Mich App 247, 252; 642 NW2d 351 (2002).

The court here plainly considered the reasons for the prosecution's noncompliance; it noted that the prosecution's failure to produce the evidence was inadvertent and not done with malicious intent. The court also balanced the interests of the courts, the public, and the parties in light of the relevant circumstances to determine an appropriate remedy. The court noted that the evidence was proper rebuttal evidence that would generally be admissible, but it recognized that defendant was at a disadvantage because he did not have an opportunity to review the video before testifying. The court further noted that it was likely that defendant did not remember everything he said on the video, and it weighed this against the fact that the video merely showed defendant's statements and defendant "should know what he said." The court also addressed the range of possible remedies, including excluding the video. With these considerations in mind, the court concluded that the appropriate remedy was to allow the prosecution to present this proper rebuttal evidence, but not before defendant had an opportunity to review the video and respond to it if he saw fit. To accomplish the latter, the court granted a continuance to give the defense an opportunity to review the video, then allowed the defense to reopen its proofs if it so desired.[1]

This strikes me as a balanced and thoughtful remedy. The evidence was proper impeachment evidence that was minimally prejudicial to the defense, and the trial court gave the defense an opportunity to review the evidence and respond to it before allowing the jury to see it. On these facts, I would conclude that the trial court's chosen remedy for the prosecution's discovery violation was within the range of reasonable and principled outcomes.

---

[1] Defendant declined to reopen its proofs after reviewing the video.

My disagreement with the majority does not affect the outcome of this case because the majority concludes that the trial court's alleged error was harmless. I accordingly concur in the result reached by the majority.


/s/ Colleen A. O'Brien